ALEXANDER B. CVITAN (SBN 81746),
(Email: alc@rac-law.com)
MARSHA M. HAMASAKI (SBN 102720), and
(Email: marshah@rac-law.com)
PETER A. HUTCHINSON (SBN 225399) of
(Email: peterh@rac-law.com)
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California  90010-2421
Telephone:  (213) 386-3860; Facsimile:  (213) 386-5583

Attorneys for Plaintiff Construction Laborers Trust Funds
For Southern California Administrative Company, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> TRIMMING LAND CO., INC., a California corporation; BASILIO MARTINEZ, an individual also known as BASILIO MARTINEZ SERRANO and/or BASILIO SERRANO MARTINEZ; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation; DOE 1 through DOE 5, inclusive, <br><br> Defendants. | CASE NO.: <br><br> COMPLAINT FOR: <br><br> 1. MONETARY DAMAGES DUE TO EMPLOYEE BENEFIT PLANS; <br><br> 2. INJUNCTIVE RELIEF COMPELLING SUBMISSION OF FRINGE BENEFIT CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS; <br><br> 3. DAMAGES FOR BREACH OF FIDUCIARY DUTIES; <br><br> 4. MONETARY DAMAGES FOR BREACH OF SETTLEMENT AGREEMENT; <br><br> 5. FOR RECOVERY AGAINST LICENSE BOND <br><br> [29 U.S.C. §§ 1132(g)(2) and 1145; 29 U.S.C. § 1132(a)(3); 29 U.S.C. § 185; 28 U.S.C. § 1367(a)] |

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     This action is brought by a fiduciary administrator on behalf of employee

-1-

377714.1

benefit plans against an employer in accordance with the terms and conditions of the plans, collective bargaining agreements to which the employer is bound and applicable statutes to: (a) recover unpaid monthly employee fringe benefit contributions and related damages due to the plans by the employer (Claim 1); (b)  compel the employer to timely and fully report and pay its monthly fringe benefit contributions to the plans on behalf of its employees (Claim 2); (c) recover against the principals of employers for breaches of fiduciary duty to the plans (Claim 3); (d) recover against the employer and its principal for breach in the terms of a settlement agreement (Claim 4); and for (e) recover against the employer's license bond surety (Claim 5).  This Court has jurisdiction over Claims 1, through 3 pursuant to: sections 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and 1145); section 502(a)(3) of ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section 301 of the Labor Management Relations Act (LMRA) (codified at 29 U.S.C. § 185),  and supplemental jurisdiction over Claims 4 and 5 pursuant to 28 U.S.C. § 1367(a).  Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue is proper in this district for each of the following reasons: the plans are administered in this district; the employer's performance and breach took place in this district; and the employer resides or may be found in this district.

<u>PARTIES</u>

2.      Plaintiff CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY ("Plaintiff" and/or "CLTF") is a Delaware limited liability company, with its principal place of business in this District.  CLTF is the administrator and agent for collection of several employee benefit plans, and a fiduciary as to those plans, including the Laborers Health and Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for Southern California; Construction Laborers Vacation Trust for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Fund for

377714.1

Construction Industry Advancement; Center for Contract Compliance; Laborers Contract Administration Trust Fund for Southern California; Laborers' Trusts Administrative Trust Fund for Southern California; and Southern California Partnership for Jobs Trust Fund (collectively "TRUST FUNDS"). Each are express trusts and were created by written agreements and are employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3) and multi-employer plans within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). The TRUST FUNDS are jointly-managed trusts in accordance with LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), created pursuant to collective bargaining agreements between the Southern California District Council of Laborers and its Affiliated Locals, ("UNION") and various employers. The TRUST FUNDS are administered in the County of Los Angeles, State of California. Plaintiff brings this action as a fiduciary on behalf of the TRUST FUNDS.

3.      CLTF is a fiduciary as to the TRUST FUNDS, in that it:

A.      Exercises discretionary authority or discretionary control respecting the collection of delinquent (or possibly delinquent) contributions to the TRUST FUNDS, including but not limited to discretion in auditing employers, deciding what claims to assert, acting as agent of the TRUST FUNDS in asserting claims, waiving liquidated damages, settling claims, and releasing claims; and

B.      Exercises authority or control respecting management or disposition of assets of the TRUST FUNDS, including but not limited to, receiving delinquent contributions collected and holding them in a bank account in its own name over which it has check-writing authority, and then exercising discretion in allocating those assets among the different TRUST FUNDS, different participants, different time periods and different jobs.

4.      Plaintiff is informed and believes and thereon alleges that Defendant, TRIMMING LAND CO., INC. ("EMPLOYER"), is a corporation organized and existing under and by virtue of the laws of the State of California and is and/or was engaged in business in the State of California with its principal place of business in the

377714.1

City of South Gate,  County of Los Angeles, State of California and does, or at all relevant times did, business in the State of California as a construction contractor in an industry affecting interstate commerce.  .

5.      Plaintiff is informed and believes and thereon alleges that Defendant, BASILIO MARTINEZ, also known as BASILIO MARTINEZ SERRANO and/or BASILIO SERRANO MARTINEZ (hereinafter referred to as "MARTINEZ") is the principal, beneficial owner and responsible managing officer of EMPLOYER and resides and is engaged in business in the County of Los Angeles, State of California.

6.      Plaintiff is informed and believes that is informed and believes, and on that basis alleges, that Defendant AMERICAN CONTRACTORS INDEMNITY COMPANY, ("ACIC") is a California corporation that is licensed and authorized to perform and transact a surety business in the State of California, which has a principal place of business in the City of Los Angeles, State of California and which does, or at all relevant times did, conduct business in California as a surety.

7.      The true names and capacities, whether individual, corporate, associate, otherwise of Defendants named herein as DOE 1 through DOE 5, inclusive are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.

<u>OTHERS</u>

8.      The Southern California District Council of Laborers and its affiliated Local Unions (collectively "UNION") is, and at all relevant times was, a labor organization representing employees affecting interstate commerce.  The UNION is not a party to this action.

<u>INDIVIDIUAL DEFENDANT</u>

9.      Plaintiff is informed and believes and thereon alleges that at all times material herein, that MARTINEZ, and or DOE 1 through DOE 5, inclusive, were and/or continue to be fiduciaries and/or parties in interest to the TRUST FUNDS as defined in

29 U.S.C. §§ 1002(14), and 1002(21)(A), for the reasons more fully described below and in the Third Claim for Relief.

10.     Plaintiff is informed and believes and thereon alleges that MARTINEZ, and or DOE 1 through DOE 5, inclusive are responsible for running the day to day operations of EMPLOYER and are responsible for decisions pertaining to the reporting and payment of contributions to the TRUST FUNDS, and that they personally maintained control of those funds which should have been turned over to the TRUST FUNDS.

11.     Plaintiff is informed and believes and thereon alleges that at all times herein, MARTINEZ, and or DOE 1 through DOE 5, inclusive are the majority shareholders of EMPLOYER and beneficial owners of EMPLOYER.

12.     Plaintiff is informed and believes and thereon alleges that MARTINEZ, and or DOE 1 through DOE 5, inclusive acted on behalf of and in the interest of EMPLOYER in all aspects of labor relations and in EMPLOYER's dealings and relations with the TRUST FUNDS and the UNION.

13.     Plaintiff is informed and believes and thereon alleges that MARTINEZ and DOE 1 through DOE 5, inclusive, acted on behalf of EMPLOYER and in the interest of EMPLOYER, in determining which employees EMPLOYER would report to the TRUST FUNDS, the number hours upon which contributions would be reported to the TRUST FUNDS, and payments to be made on behalf of EMPLOYER.

## FIRST CLAIM FOR RELIEF
### CONTRIBUTIONS OWED TO THE TRUST FUNDS
### (AGAINST EMPLOYER)
### [29 U.S.C. §§ 185 and 1145]

14.     Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13 above.

377714.1

AGREEMENTS

15.    At all times mentioned, EMPLOYER was and continues to be signatory to written Collective Bargaining Agreements with the UNION, having executed a Landscape Maintenance Agreement  effective February 1, 2019  ("Landscape Agreement")  with the Southern California District Council of Laborers and its affiliated Local Unions  ("UNION").

16.    The Landscape Agreement incorporates by reference the UNION'S existing Master Labor Agreements ("MLAs") covering any landscape construction or other construction work covered by said MLAs.

17.    EMPLOYER has been and continues to be bound by the Landscape Agreement and MLAs relating to its work on projects covered by said Agreements. Pursuant to the Landscape Agreement and MLAs, EMPLOYER became obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form or as they may be subsequently amended.  The referenced Agreements will be collectively referred to as "AGREEMENTS".

18.    The AGREEMENTS obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the AGREEMENTS for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS ("MONTHLY CONTRIBUTIONS").  The EMPLOYER is additionally required to submit reports on a monthly basis ("MONTHLY REPORTS") with these MONTHLY CONTRIBUTIONS, detailing the name, address, social security number and hours worked that month for each employee covered by the AGREEMENTS and those MONTHLY REPORTS are required to be submitted even where there are no employees to report for the reporting period.  The TRUST FUNDS depend on the truth and accuracy of this information, in order to not only determine the correct amount of MONTHLY CONTRIBUTIONS due, but to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS.  Those MONTHLY CONTRIBUTIONS

377714.1

constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds.  The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

19.     By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit MONTHLY CONTRIBUTIONS in a timely manner, a sum equal to $25.00 or twenty percent (20%) of the unpaid MONTHLY CONTRIBUTIONS or interest on the unpaid MONTHLY CONTRIBUTIONS at rates established pursuant to the AGREEMENTS from their respective due dates, whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute.

20.     By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent MONTHLY CONTRIBUTIONS from the due date of the contribution through the payment date of the contribution, at the per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each contribution is due.  The current plan rate of interest on the MONTHLY CONTRIBUTIONS is 7.250% per annum.

21.     The AGREEMENTS obligate EMPLOYER, and any of its subcontractors or lower-tiered subcontractors, to subcontract work covered under the Agreements to those subcontractors who are parties to Collective Bargaining Agreements with the UNION, and failure to do so will result in damages to the TRUST FUNDS and EMPLOYER will be financially obligated to the TRUST FUNDS for the damages caused therefrom, including amounts measured by the fringe benefit contributions, liquidated damages, and interest that would be owed by the subcontractor if signatory to the AGREEMENT.

377714.1

22.     The AGREEMENTS further provide that if EMPLOYER subcontracts work to and/or if its subcontractor(s) or lower-tiered subcontractors, subcontracts work covered under the AGREEMENTS to any subcontractor who is delinquent in its obligations to the TRUST FUNDS under its AGREEMENTS, then EMPLOYER will be financially obligated to the TRUST FUNDS for the amounts owed by said delinquent subcontractor, including any fringe benefits, liquidated damages and interest owed.

23.     The AGREEMENTS provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER's payroll and business records which may be pertinent to determining whether EMPLOYER has reported all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and has paid the appropriate MONTHLY CONTRIBUTIONS to the TRUST FUNDS, and that the EMPLOYER shall be responsible for the costs of such audit.

## BREACH OF AGREEMENTS

24.     Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered by the AGREEMENTS and failed to pay the rates specified in the AGREEMENTS to certain TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS.  Due to EMPLOYER's refusal or failure to comply with the submission and payment of all MONTHLY REPORTS, and continuing obligation to submit MONTHLY REPORTS, additional amounts may be discovered and become due and owing by EMPLOYER which cannot ascertained at this time.  Said amounts will be established by proof at the trial or other hearing.

25.     All conditions to EMPLOYER's obligations to make payments under the AGREEMENTS have been met.

/ / /

/ / /

-8-

377714.1

## DAMAGES

26.　　As a result of EMPLOYER's failure to pay the rates specified in the AGREEMENTS, Plaintiff is informed and believes and thereupon alleges that there is now owing and unpaid to certain TRUST FUNDS from EMPLOYER, during the period from February 2019 through November 2019, damages in the sum of at least $95,516.73 consisting of $47,808.96 in unpaid MONTHLY CONTRIBUTIONS, $43,577.07 in liquidated damages, $1,000.00 in audit fees, $70.00 in returned check fees, and $3,060.70 in interest on the late and/or unpaid MONTHLY CONTRIBUTIONS owed to the TRUST FUNDS through January 20, 2020,  plus additional accrued interest at the plan rate(s), currently 7.25% per annum, until payment of the MONTHLY CONTRIBUTIONS, as well as any additional MONTHLY CONTRIBUTIONS, subcontracting violations, liquidated damages, audit fees and interest on the additional amounts owed at the plan rate(s) according to proof at the time of trial or other hearing.

27.　　The failure of the EMPLOYER to pay MONTHLY CONTRIBUTIONS when due causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify.  This may include the cost of collecting the MONTHLY CONTRIBUTIONS from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late MONTHLY CONTRIBUTIONS, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay MONTHLY CONTRIBUTIONS.  The liquidated damages provision of the AGREEMENTS was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees.  The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages.  In this case, they have exercised their discretion by declining to waive any liquidated damages.

28.　　It has been necessary for the TRUST FUNDS to engage counsel to bring

377714.1

this action to compel compliance with the AGREEMENTS which provide that in the event litigation is necessary with respect to any of the fringe benefit MONTHLY CONTRIBUTIONS and/or damages against EMPLOYER, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

29.     Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of delinquent MONTHLY CONTRIBUTIONS but also (a) for pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

## SECOND CLAIM FOR RELIEF
### FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF
### (AGAINST EMPLOYER, MARTINEZ AND DOE 1 TO DOE 5, INCLUSIVE)

30.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 29, inclusive as though fully set forth herein.

31.     As part of its obligations under the AGREEMENTS, EMPLOYER is required to submit MONTHLY REPORTS to the TRUST FUNDS indicating the names, social security numbers and number of hours worked by each laborer it employed. EMPLOYER is required to pay to the TRUST FUNDS, at the time the report is submitted, an amount equal to the total number of laborers hours worked (or paid for), multiplied by the applicable fringe benefit contribution rates.

32.     EMPLOYER has failed to comply with the provisions of the AGREEMENTS since it became bound to the AGREEMENTS, in that it has submitted MONTHLY REPORTS since February 2019 without full payment or no payment

377714.1

whatsoever, has failed to submit its MONTHLY REPORT for December 2019, and the audit of its records has disclosed hours worked by employees which were required to be reported and MONTHLY CONTRIBUTIONS paid to the TRUST FUNDS, but were neither reported nor were the MONTHLY CONTRIBUTIONS paid by EMPLOYER for those hours worked.

33.     By reason of EMPLOYER's and MARTINEZ's and/or DOE 1's through DOE 5's actions, the TRUST FUNDS have suffered and will continue to suffer extreme hardship and actual and impending irreparable injury and damage in that employee beneficiaries of the TRUST FUNDS acquire eligibility for health and welfare benefits and pension benefits by tabulating the number of hours reported by EMPLOYER and all contributing employers during each monthly period.  The funds necessary to pay all anticipated health and welfare claims and pension claims based upon the number of hours reported to the TRUST FUNDS on behalf of individual employees.  In addition, the amount of MONTHLY CONTRIBUTIONS payable to all employees for health and welfare and pension claims is actuarially determined on the basis of funds projected to be received from contributing employers.  The submission of MONTHLY REPORTS from EMPLOYER without the required payments necessarily contributes to the total potential liability of the TRUST FUNDS for health and welfare and pension claims without the TRUST FUNDS being able to readjust or recompute benefit levels based upon EMPLOYER's failure to pay contributions on a monthly basis.

34.     Sections 502(a)(3) and 502(g)(2)(E) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E), specifically authorizes this Court to enter injunctive relief for such violations of the plan and ERISA.  Injunctive relief is appropriate here to require the EMPLOYER to fulfill its obligations under the AGREEMENTS and ERISA.

35.     It has been necessary for Plaintiff to engage counsel to bring this action to compel compliance with the AGREEMENTS provide that in the event litigation is necessary with respect to any of the fringe benefit contributions and/or damages, EMPLOYER would pay reasonable attorneys' fees and all other reasonable expenses of

377714.1

1  collection, including audit fees.

2

3                      **THIRD CLAIM FOR RELIEF**

4      **DAMAGES FOR BREACH OF FIDUCIARY DUTIES**

5                    **IN VIOLATION OF ERISA**

6   **(AGAINST EMPLOYER, MARTINEZ AND DOE 1 THROUGH DOE 5)**

7

8        36.    Plaintiff repeats and realleges and incorporates herein by reference each

9   and every allegation contained in paragraphs 1 through 35 above.

10       37.    Plaintiff is informed and believes and thereon alleges that MARTINEZ

11  and/or DOE 1 to DOE 5, inclusive, were and still are parties in interest, the agents,

12  managing officers, directors, managing employees, and/or beneficial owners of

13  EMPLOYER with the authority to direct, control, and/or manage the business affairs of

14  EMPLOYER including the disposition of EMPLOYER's assets.

15       38.    Plaintiff is informed and believes and thereon allege that EMPLOYER,

16  MARTINEZ and/or DOE 1 to DOE 5, inclusive, were and still are fiduciaries with

17  respect to the TRUST FUNDS within the meaning of § 3(21)(A) of ERISA, 29 U.S.C.

18  § 1002(21)(A), in that they exercised discretionary authority or control respecting

19  management or disposition of assets of the TRUST FUNDS.

20       39.    The AGREEMENTS require that EMPLOYER deduct MONTHLY

21  CONTRIBUTIONS due to the CONSTRUCTION LABORERS VACATION TRUST

22  FUND FOR SOUTHERN CALIFORNIA ("VACATION FUND") from EMPLOYER's

23  employees' weekly paychecks, in the amounts specified.  Such deductions are "amounts

24  that a participant has withheld from his wages by an employer, for contribution" to the

25  TRUST FUNDS, which thus become assets of the TRUST FUNDS within the meaning

26  of 29 C.F.R. § 2510.3-102, "as of the earliest date on which such contributions . . . can

27  reasonably be segregated from the employer's general assets."

28       40.    On "public works" as defined by California Labor Code § 1720, the

1    EMPLOYER was required to pay a minimum "prevailing" or "per diem" wage,

2    including amounts which could either be paid directly on the weekly paycheck to

3    employees, or contributed as "employer payments" (as defined in Labor Code

4    § 1773.1) which includes payments to the TRUST FUNDS.  The EMPLOYER

5    employed workers on such public works, also covered by the AGREEMENTS, and

6    certified under penalty of perjury (pursuant to Labor Code § 1776) that a portion of the

7    required prevailing wage due such employees would be withheld from their per diem

8    weekly wage and instead contributed to the TRUST FUNDS, in satisfaction of the

9    prevailing wage required law.  The U.S. Department of Labor has taken the position that

10   such amounts are "amounts that a participant has withheld from his wages by an

11   employer, for contribution" to the TRUST FUNDS, which become assets of the TRUST

12   FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest date on which

13   such contributions . . . can reasonably be segregated from the employer's general assets."

14       41.    Plaintiff is informed and believes that, instead of turning over VACATION

15   FUND contributions and the portions of the prevailing wage the EMPLOYER was

16   required to be paid to the TRUST FUNDS from employees' weekly paychecks, that

17   EMPLOYER, MARTINEZ and/or DOE 1 to DOE 5, inclusive, kept those amounts for

18   their own use, and did not segregate or turn them over to the TRUST FUNDS.

19       42.    Plaintiff is informed and believes that EMPLOYER performed work on

20   projects that included public works projects on which prevailing wages were required to

21   be paid to employees, and which required certified payroll records to be completed

22   relating to the employees' work on the projects.

23       43.    Plaintiff is informed and believe that MARTINEZ and/or DOE 1 to DOE

24   5, inclusive, are the persons responsible for preparing and issuing certified payroll

25   reports on EMPLOYER's public works projects under Labor Code § 1776, and were

26   responsible for the certification that such amounts would be paid to the TRUST FUNDS

27   as part of the prevailing wage obligation.

28       44.    Plaintiff is further informed and believes that MARTINEZ and/or DOE 1

to DOE 5, inclusive, had discretionary authority or control over sufficient, segregable funds to pay the amounts that would be withheld from employees' weekly wages for contribution to the TRUST FUNDS in order to meet prevailing wage obligations, including the authority to write checks on the accounts in which such funds were held, but instead kept them for his own use, or for the use of the EMPLOYER.

45.     By their discretionary authority or control over the management or disposition of assets of the TRUST FUNDS, specifically the VACATION FUND as well as the fringe benefit component of prevailing wages on public works (MONTHLY CONTRIBUTIONS) described above, EMPLOYER, MARTINEZ and/or DOE 1 to DOE 5, inclusive, are fiduciaries of the TRUST FUNDS within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

46.     The amount of the delinquent MONTHLY CONTRIBUTIONS referenced herein above relating to public works projects including the VACATION FUND were and still are due and owing to the TRUST FUNDS and are assets of the TRUST FUNDS within the meaning 29 U.S.C. §§ 1001-1003, 1021-1031, 1111-1114 and 18 U.S.C. § 664.  The known MONTHLY CONTRIBUTIONS, including VACATION FUND amounts total at least $47,808.96;  however, all MONTHLY CONTRIBUTIONS referenced herein above will be proven at the time of trial or other hearing, plus interest at the plan rate(s).

47.     Plaintiff is informed and believes and thereupon alleges that by failing to timely account for and turn over the assets of the TRUST FUNDS described above, by failing to apply such assets for the exclusive benefit of participants and beneficiaries of the TRUST FUNDS, and instead using those assets for their own benefit, EMPLOYER, MARTINEZ and/or DOE 1 to DOE 5, inclusive, breached their fiduciary duties to the TRUST FUNDS within the meaning of sections 404(a)(1)(A), (B) and (D), of ERISA, 29 U.S.C. §§ 1104(a)(1)(A), (B) and (D).

48.     Plaintiff is informed and believes and thereon alleges that the acts and omissions to act by EMPLOYER, MARTINEZ and/or DOE 1 to DOE 5, inclusive,

377714.1

constitute misuse, misappropriation and/or conversion from employee benefit plans within the meaning of 18 U.S.C. § 664 and breach of their fiduciary obligations within the meaning of 29 U.S.C. § 1104 through §1106.

49.    Pursuant to § 409 of ERISA, 29 U.S.C. § 1109, MARTINEZ and/or DOE 1 to DOE 5, inclusive, and EMPLOYER are personally liable to make good to the TRUST FUNDS any losses to them resulting from each such breach of their fiduciary duties, and to restore to the TRUST FUNDS any profits which have been made through their use of these assets of the TRUST FUNDS.  Plaintiff seeks an accounting from EMPLOYER, MARTINEZ and/or DOE 1 to DOE 5, inclusive, of the amount and disposition of these assets.

50.    Plaintiff requests that it be awarded its costs and reasonable attorney's fees pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), and such other remedies as may be available pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

## FOURTH CLAIM FOR RELIEF
### FOR MONETARY DAMAGES FOR BREACH OF
### SETTLEMENT AGREEMENT
### (AGAINST EMPLOYER and MARTINEZ)

51.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35, inclusive, as though fully set forth herein.

52.    The TRUST FUNDS, the EMPLOYER and  MARTINEZ entered into a conditional settlement ("SETTLEMENT AGREEMENT") with respect to the known amounts owed by EMPLOYER on MONTHLY REPORTS and audit findings for time periods from February 2019 to October 2019 which totaled $96,403.31 within interest through November 7, 2019 ("CLAIM").  In and by the terms of the SETTLEMENT

377714.1

1   AGREEMENT, the TRUST FUNDS agreed to a payment arrangement with

2   EMPLOYER and MARTINEZ upon compliance with express conditions set forth in the

3   SETTLEMENT AGREEMENT.

4       53.    Under the express terms of the SETTLEMENT AGREEMENT, the

5   following constitutes a default and/or breach of the SETTLEMENT AGREEMENT by

6   EMPLOYER and  MARTINEZ: (1) failure to timely remit payment of the monthly

7   payments as provided for by the terms of the SETTLEMENT AGREEMENT; (2) failure

8   to comply with EMPLOYER's obligations under the terms of the AGREEMENTS to

9   timely submit MONTHLY REPORTS disclosing all of the hours worked by employees

10  for which MONTHLY CONTRIBUTIONS are due with payment of the MONTHLY

11  CONTRIBUTIONS due; and (3) failure to comply fully with an audit of EMPLOYER's

12  records.

13      54.    The EMPLOYER breached the SETTLEMENT AGREEMENT by failing

14  (1) to submit the monthly payments due under the provisions of the SETTLEMENT

15  AGREEMENT; (2) by submitting its October 2019 and November 2019 MONTHLY

16  REPORTS with payments returned by the bank upon which they were drawn; and (3)  to

17  submit its December 2019 MONTHLY REPORT in accordance with the terms of the

18  AGREEMENTS and SETTLEMENT AGREEMENT.

19      55.    EMPLOYER and MARTINEZ, individually, jointly and severally agreed

20  to be liable for the entire CLAIM, ($96,403.31) plus interest at the plan rate(s) due under

21  the terms of the SETTLEMENT AGREEMENT in consideration of the payment

22  arrangement and for a reduced amount to satisfy the total amount due under the terms of

23  the SETTLEMENT AGREEMENT if successfully completed.

24      56.    As a result of the EMPLOYER's and MARTINEZ's breach of the

25  SETTLEMENT AGREEMENT the conditions in the SETTLEMENT AGREEMENT

26  were not met and the SETTLEMENT AGREEMENT does not bar collection of any

27  unsatisfied amounts of that delinquency by any lawful means; therefore, under the terms

28  of the SETTLEMENT AGREEMENT, the full amount of the CLAIM, upon breach,

-16-

became immediately due and owing by the EMPLOYER and by MARTINEZ to the TRUST FUNDS, plus interest at the TRUST FUNDS' plan rate(s). The amount due by the EMPLOYER and MARTINEZ for their breach of the SETTLEMENT AGREEMENT is $81,171.68 with interest to January 20, 2020 plus additional interest thereafter which has and will continue to accrue at the plan rate(s) until fully paid.  Any and all conditions to the EMPLOYER's obligations under the SETTLEMENT AGREEMENT to pay this amount have been met.

57.     Under the terms of the SETTLEMENT AGREEMENT, Plaintiff is entitled to an award of its attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

**(Against ACIC for Monetary Damages**
**Through Enforcement of License Bond)**

58.     Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 29 above as if fully set forth herein.

59.     Pursuant to various provisions of the Business and Professions Code, EMPLOYER obtained from Defendant, ACIC, bond number SC 954162 through its qualifying employee, Jose Casas Martinez ("LICENSE BOND") and filed the LICENSE BOND with the Registrar of the California State Contractors License Board in the penal sum as required by statute and in favor of the State of California.

60.     TRUST FUNDS, as assignee of the various laborers' claims for recovery of the benefit portion of their wages, falls within the class or classes of claimants as set forth in California  Business and Professions Code §§ 7071.5, 7071.10 and Civil Code § 8024(b), and is a beneficiary of the LICENSE BOND.

61.     Pursuant to the terms of its bonds, and provisions of California Business and Professions Code, ACIC is responsible for paying up to the penal sum of said LICENSE BOND or at least $4,000.00 to the TRUST FUNDS for the unpaid

-17-

377714.1

1  MONTHLY CONTRIBUTIONS owed on behalf of EMPLOYER's employees.

2      62.    Plaintiff submitted a claim to ACIC against its LICENSE BOND issued to

3  EMPLOYER for MONTHLY CONTRIBUTIONS ("BOND CLAIM"); however,

4  Defendant, ACIC has not paid the BOND CLAIM as required by the above-referenced

5  statutes, and, upon information and belief, the terms of the LICENSE BOND.

6      63.    Plaintiff brings this claim for relief on behalf of the TRUST FUNDS under

7  Business and Professions Code § 7071.11(c)(1) to enforce the terms of the LICENSE

8  BOND to recover a portion of the amount due by the EMPLOYER to the TRUST

9  FUNDS.

10

11      WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

12

13  **FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF**

14      1.    For the sum of $47,808.96, for delinquent fringe benefit MONTHLY

15  CONTRIBUTIONS pursuant to the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(A);

16      2.    Interest on the delinquent MONTHLY CONTRIBUTIONS in the amount

17  of $3,060.70 through June 18, 2018, as required by the AGREEMENTS and pursuant to

18  29 U.S.C. § 1132(g)(2)(B), plus additional accrued interest at the plan rate(s);

19      3.    For liquidated damages in the sum of $43,577.07 as required by the

20  AGREEMENTS and 29 U.S.C. § 1132(g)(2)(C);

21      4.    For returned check fees in the sum of $70.00;

22      5.    For Plaintiff's costs of audit in the sum of $1,000.00 in accordance with

23  the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(E);

24      6.    For any additional amounts including MONTHLY CONTRIBUTIONS,

25  liquidated damages, audit fees, fees/costs incurred by the TRUST FUNDS as a result of

26  the submission of checks not honored by the bank upon which they were drawn, and

27  amounts owed as a result work performed by any subcontractors of the EMPLOYER

28  (or lower-tier subcontractors) determined to be due, plus interest at the plan rate(s)

currently 7.25% pursuant to the AGREEMENTS and 29 U.S.C. §§ 1132(g)(2) and 1145, according to proof at the time of trial and/or other hearing.

7.    For reasonable attorney fees and costs of suit as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(D);

8.    For such other and further relief as the Court deems proper.

## FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF

1.    That this Court issue the following preliminary and permanent prohibitory and mandatory injunctions against EMPLOYER, MARTINEZ, DOE 1 through DOE 5, inclusive, and EMPLOYER's managing officers, agents, managing employees, successors, assigns, and all those in active concert or participation with EMPLOYER:

1.1.    That EMPLOYER be ordered to deliver the following, or cause to be delivered, to the TRUST FUNDS' offices no later than 4:30 p.m., on the 20th day of each month for the duration of the AGREEMENTS:

1.2.    A complete, truthful and accurate "Employers Monthly Report to Trustees" covering all employees which EMPLOYER employed who were covered by the AGREEMENTS commencing with EMPLOYER's December 2019 report;

1.3.    An affidavit or declaration from a responsible officer of EMPLOYER and/or MARTINEZ attesting from his or her own personal knowledge under pain of perjury to the completeness, truthfulness and accuracy of the Employers Monthly Report to the Trustees; and

1.4.    A cashier's check made payable to the Construction Laborers Trust Funds for Southern California for the full amount of the MONTHLY CONTRIBUTIONS due on the MONTHLY REPORTS for each account for which a report is to be submitted.

2.    For reasonable attorney's fees;

3.    For costs of suit herein; and

4.    For such other and further relief as the Court deems proper and just.

377714.1

## **FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF**

1.     For personal liability of EMPLOYER, MARTINEZ and DOE 1 through DOE 5 inclusive for their breaches of fiduciary duty, pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a) according to proof at the time of trial or other hearing;

2.     For an accounting of all assets of the TRUST FUNDS which have not been turned over to the TRUST FUNDS, and any profits derived by EMPLOYER, MARTINEZ and DOE 1 through DOE 5 i therefrom according to proof at the time of trial or other hearing;

3.     For damages, including MONTHLY CONTRIBUTIONS, liquidated damages, returned check fees and audit fees in the sum of $982,456.03 owed by EMPLOYER, plus additional amounts according to proof at the time of trial or other hearing;

4.     For interest on the amounts owed by EMPLOYER, MARTINEZ and DOE 1 through DOE 5 in the sum of $3,060.70 plus additional accrued interest at the plan rate(s) currently 7.25% per annum after January 20, 2020.

5.     For reasonable attorneys' fees and costs of suit pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1); and

6.     For such other and further relief as the Court deems proper and just, pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

## **FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF**

1.     For $81,171.68 pursuant to the SETTLEMENT AGREEMENT and applicable law, including but not limited to California Civil Code § 3302;

2.     For an additional accrued interest at the TRUST FUNDS' plan rate(s), currently 7.250%  per annum after January 20, 2020, pursuant to terms of the SETTLEMENT AGREEMENT and applicable law, including but not limited to California Civil Code §§ 3287, 3289 and 3302.

3.     For attorneys' fees and costs of collection, pursuant to the SETTLEMENT

377714.1

AGREEMENT and applicable law, including but not limited to California Civil Procedure Code § 1032(b) and California Civil Code § 1717.

4.     For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including, but not limited to, the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132 (a)(3)(B).

## FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF

1.     For enforcement of the LICENSE BOND issued by ACIC pursuant to California Business and Professions Code §§ 7071.5(e) and 7071.11(a).

2.     For up to the penal sum of the LICENSE BOND, or at least $4,000.00 plus interest at the rate or rates required by law, including California Labor Code § 218.6, from the respective days the MONTHLY CONTRIBUTIONS providing the basis for the BOND CLAIM became due.

3.     For reasonable attorneys' fees and costs.

4.     For such other relief that this Court deems appropriate.


Respectfully Submitted,

DATED:  January 30, 2020          ALEXANDER B. CVITAN,
                                  MARSHA M. HAMASAKI, and
                                  PETER A. HUTCHINSON of
                                  REICH, ADELL & CVITAN
                                  A Professional Law Corporation


                                  By___/s/ Marsha M. Hamasaki
                                     MARSHA M. HAMASAKI
                                     Attorneys for Plaintiff

377714.1